# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**,

    Plaintiff,

    v.                          Case No. 15-CR-117

**KENDALL McCLURE**,

    Defendant.

## REPORT AND RECOMMENDATION
## ON DEFENDANT'S CHANGE OF PLEA

The United States of America and the defendant, Kendall McClure, who was represented by counsel, appeared before me for a change of plea colloquy pursuant to Fed. R. Crim. P. 11 on November 2, 2016. ECF No. 479. Mr. McClure consented to my conducting the change of plea colloquy, while the United States did not. I explained that it would be for the U.S. District Judge alone, not me, to enter the plea and that my role was to conduct the plea colloquy and then to prepare a report and recommendation for ultimate disposition by Judge Pepper.

After Mr. McClure was placed under oath and advised as to the implications of being untruthful, I questioned him about his competency to go forward with the hearing. Through his responses, I found that Mr. McClure was lucid, intelligent, and not under the influence of any intoxicants or substances.

I then discussed in detail each of the subjects specified in Rule 11, including the rights he would surrender by entering a plea of guilty, the maximum penalties

associated with the charged offense, and the authority of the sentencing judge to disregard any recommendations in the plea agreement and to sentence Mr. McClure at the statutory maximums.

At the conclusion of this colloquy, I determined that the guilty plea was knowing and voluntary and was not induced by threats or by promises not contained in the plea agreement. I found that there was an independent factual basis containing each of the essential elements of the offense charged, conspiracy to possess with intent to distribute and to distribute heroin. Mr. McClure advised that he was pleading guilty to the charged offense because he was, in fact, guilty and that the government could prove beyond a reasonable doubt that he was guilty of the charged offense. Finally, I found that, in responding to my questions, Mr. McClure was candid, respectful, and non-evasive, fully accepting responsibility for and acknowledging the unlawfulness of his conduct.

One further issue: Mr. McClure's counsel, Joshua Uller, made an oral motion to withdraw as counsel for purposes of sentencing because Mr. Uller has recently accepted a position with the Federal Defender Service, which is currently representing one of Mr. McClure's co-defendants. I agreed that this created a potential conflict and granted the motion to withdraw. I advised Mr. McClure that he would receive new counsel promptly and that his rights would in no way be prejudiced by the need to change counsel. Mr. McClure strongly preferred remaining with Mr. Uller, but I explained that continued representation by Mr. Uller was not possible given the conflict issues generated by his new position.

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that defendant Kendall McClure's plea of guilty be accepted; that a presentence investigation and report be prepared according to the schedule set by the Court; and that Mr. McClure be adjudicated guilty and have sentence imposed accordingly.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Crim. P. 59(b), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this Recommendation or prior to the Final Pretrial Conference, whichever is earlier. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin, this <u>10th</u> day of November, 2016.

**BY THE COURT:**

<u>*s/ David E. Jones*</u>
DAVID E. JONES
United States Magistrate Judge
