UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 15-cr-117-pp |
| Plaintiff, | |
| v. | |
| KENDALL MCCLURE, | |
| Defendant. | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DKT. NO. 484) AND ACCEPTING DEFENDANT'S GUILTY PLEA**

On November 2, 2016, the defendant and his counsel appeared before Magistrate Judge David E. Jones for a change-of-plea hearing. Dkt. No. 429. The hearing originally had been scheduled to take place before Judge Pepper, but due to her illness, Judge Jones offered to take the plea. The defendant consented to Judge Jones taking the plea; the government did not. Dkt. No. 484 at 1. Judge Jones explained that he would make a recommendation to this court, and that this court would decide whether to accept the plea. Id.

After questioning the defendant under oath, Judge Jones found him to be "lucid, intelligent, and not under the influence of any intoxicants or substances." Id. Judge Jones also questioned the defendant about his rights, the penalties associated with the offense to which he was pleading, and this court's final authority to impose a sentence regardless of the recommendations of the probation department or the parties. Id. at 1-2. At the end of the hearing,

Judge Jones concluded, and recommended that this court find, that the defendant's plea was knowing and voluntary, and supported by an independent factual basis. Id. at 2. Judge Jones recommended that this court accept the defendant's guilty plea and schedule the case for sentencing. Id.

Judge Jones also noted in his report and recommendation that at the conclusion of the plea hearing, the defendant's appointed counsel (Joshua Uller) moved to withdraw as the defendant's lawyer. Id. Counsel told Judge Jones that he had accepted a staff position with Federal Defender Services of Wisconsin, and that that office currently represents a co-defendant in this same case. Were counsel to continue to represent the defendant under these circumstances, there would be a conflict of interest. Id. Judge Jones agreed that counsel could no longer represent the defendant. The defendant was not pleased with this outcome, preferring to stay with his current counsel through sentencing. Id. Judge Jones explained that the newly-arisen conflict made that impossible, and assured the defendant that the Federal Defender would appoint new counsel just as quickly as possible. Id. This court agrees that Judge Jones had no choice but to allow Mr. Uller to withdraw, and that his continued representation of the defendant once Mr. Uller joined the Federal Defender would create a conflict.

No party has objected to Judge Jones' report and recommendation. Having reviewed the case, and in particular, the plea hearing and Judge Jones' findings, the court **ADOPTS** Judge Jones' report and recommendation. The court **ACCEPTS** defendant Kendall McClure's guilty plea, finding that he made

it knowingly and voluntarily, understanding his rights and the consequences of his plea. The court **ORDERS** that the probation department begin the process of preparing a presentence investigation report. The court further **ORDERS** that Federal Defender Services of Wisconsin appoint a new panel attorney for the defendant. Once the defendant's new counsel has been identified, the court's staff will contact the parties (including the probation officer) to schedule a date for the sentencing hearing, as well as deadlines for disclosure of the draft presentence investigation report, objections to the report, responses, the filing of letters or other supporting documentation, and the filing of the revised presentence report.

Dated in Milwaukee, Wisconsin this 28th day of November, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge